UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEMAR MORGAN, | ) | CASE NO. 4:23-CV-310 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| FERNANDO GARZA, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Gemar Morgan, a federal prisoner in FCI-Elkton, filed the above-captioned action seeking mandamus relief under 28 U.S.C. § 1361 from the FCI Elkton Warden, the Bureau of Prisons Regional Director, and the Bureau of Prisons National Inmate Appeals Administrator. Plaintiff contends he suffers from mild disc bulges without significant neural compression in his C4-C5, C5-C6, and C6-C7 vertebra as a result of a motor vehicle collision prior to his incarceration. He disagrees with the medication FCI-Elkton physicians prescribed for pain, claiming it is not effective and caused him to experience bleeding. He further dislikes that the medication is crushed and floated prior to administration due to its potential for diversion or abuse. He seeks mandamus relief ordering the Bureau of Prisons ("BOP") to transfer him to a medical facility with a neurology chronic care program.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

1

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

Complaints for a writ of mandamus under 28 U.S.C. § 1361 are subject to the screening functions of 28 U.S.C. § 1915. *See Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) ("The PLRA applies to mandamus petitions that seek relief analogous to civil complaints under 42 U.S.C. § 1983."); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (finding petitions for a writ of mandamus are included within the meaning of the term "civil action" as used in § 1915); *Lee v. Lynch*, No. 2:16-CV-10561, 2016 WL 727857, at *1 (E.D. Mich. Feb. 24, 2016)(finding that § 1915 applies to mandamus actions filed under 28 U.S.C. § 1361).

District courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361. The "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011) (alteration in original) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). Mandamus is available only if: (1) the Plaintiff has a clear right to the requested relief; (2) the Defendant has a clear mandatory duty to act; and (3) there is no other adequate remedy available to the Plaintiff. *Id.*; *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *Gratton v. Wildasin*, No. 21-5824, 2022 WL 3969833, at *2 (6th Cir. June 22, 2022). Mandamus is not available unless the alleged duty imposes a mandatory obligation on the Defendant to grant the Plaintiff's requested relief. If the Defendant has discretion to perform the duty, mandamus cannot be granted. *Gratton*, No. 21-5824, 2022 WL 3969833, at *2 (citing *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975).

In this case, the Defendant does not have a mandatory duty to transfer the Plaintiff to another prison. Under 18 U.S.C. § 3621(b), the BOP has the sole discretionary authority to designate the place of an inmate's imprisonment. *See* 18 U.S.C. § 3621(b) ("The Bureau may designate any available penal or correctional facility" and "may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another."); *Tapia v. United States*, 564 U.S. 319, 331 (2011) (Bureau of Prisons has control over the place of a prisoner's imprisonment under § 3621(b)). Because the Defendants have discretion to determine where Plaintiff is incarcerated, Plaintiff is not entitled to mandamus relief under 28 U.S.C. § 1361.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: May 19, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE